NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000062
02-JAN-2019
08:22 AM**

NOS. CAAP-16-0000062 AND CAAP-16-0000097

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-16-0000062**
GREGORY K. GARCIA, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 15-1-0009(4); CR. NO. 12-1-0541(4);
FC-CR. NO. 12-1-0214(4); FC-CR. NO. 12-1-0327(4))

AND

**CAAP-16-0000097**
GREGORY K. GARCIA, Petitioner-Appellant,
v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 15-1-0009(4); CR. NO. 12-1-0541(4);
FC-CR. NO. 12-1-0214(4); FC-CR. NO. 12-1-0327(4))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

In this consolidated appeal, Petitioner-Appellant
Gregory K. Garcia (Garcia) appeals from the Findings of Fact,
Conclusions of Law, and Order Dismissing Defendant's Hawaii Rules
of Penal Procedure Rule 40 Petition, filed on December 30, 2015,
and the Order Denying Motion to Reconsider Rulings, filed on
February 5, 2016, in the Circuit Court of the Second Circuit

(Circuit Court).[1]

On August 21, 2013, after pleading no contest, Garcia was convicted of Unlawful Imprisonment in the First Degree, Felony Abuse of Family or Household Member, Intimidating a Witness, Assault in the Second Degree, and Violation of an Order for Protection in Cr. No. 12-1-0541(4) and Felony Abuse of Family or Household Member and Terroristic Threatening in the Second Degree in FC-Cr. No. 12-1-0327(4).

On July 31, 2014, this court affirmed Garcia's conviction. State v. Garcia, No. CAAP-13-0003458 (App. July 31, 2014) (mem).

On September 16, 2015, Garcia filed a "Hawaii Rules of Penal Procedure Rule 40 Petition" (Petition), pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (HRPP).

On December 30, 2015, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Dismissing Defendant's Hawaii Rules of Penal Procedure Rule 40 Petition which denied the Petition without a hearing.

On January 6, 2016, Garcia's "Reply to State's Response" (Reply) was filed. The document was received by prison officials on December 23, 2015. Garcia repeated the claims in the Petition, requested the Petition be amended, and added the claim that his no contest plea was not made knowingly and voluntarily.

On January 11, 2016, Garcia filed a Motion to Reconsider Rulings requesting that he be allowed to "clarify the petition," pursuant to HRPP Rule 40(e).

On January 22, 2016, Respondent-Appellee State of Hawai'i filed an "Objection to Motion to Reconsider Rulings Filed on January 11, 2016."

On February 2, 2016, Garcia filed a Notice of Appeal from the December 30, 2015 Findings of Fact, Conclusions of Law, and Order Dismissing Defendant's Hawaii Rules of Penal Procedure

---

[1] The Honorable Richard T. Bissen, Jr. presided.

Rule 40 Petition, which was docketed as CAAP-16-0000062.

On February 5, 2016, the Circuit Court issued an Order Denying Motion to Reconsider Rulings.

On February 22, 2016, Garcia filed a Notice of Appeal from the February 5, 2016 Order Denying Motion to Reconsider Rulings, which was docketed as CAAP-16-0000097.

On appeal, Garcia contends that (1) the Circuit Court erred by denying him the opportunity to amend his Petition, pursuant to HRPP Rule 40(e), (2) waiver of HRPP Rule 48 and his constitutional right to a speedy trial could not or should not have been made after a violation occurred, (3) he did not knowingly and voluntarily enter into his no contest plea because he was presented with a different document at the change of plea hearing, which had never been discussed with counsel and that there was an additional condition that he relinquish his right to appeal, (4) setting of his minimum term by the Hawaii Paroling Authority (HPA) is illegal under Alleyne v. United States, 570 U.S. 99 (2013), (5) his prosecution was barred by double jeopardy and res judicata, and constituted vindictive prosecution, and (6) he received ineffective assistance of counsel because his trial and appellate counsel lied to him and appellate counsel lied to his family.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Garcia's points of error as follows:

(1) and (3) On December 30, 2015, the Circuit Court issued its Findings of Fact, Conclusions of Law, and Order Dismissing Defendant's Hawaii Rules of Penal Procedure Rule 40 Petition, which denied Garcia's Petition. Unbeknownst to the Circuit Court, Garcia had tendered the Reply on December 23, 2015, which requested an amendment to the Petition to include a claim that he did not knowingly and voluntarily enter into his no contest plea. Garcia's Reply was not filed until January 6, 2016. Thus, the Circuit Court could not have amended the

3

Petition to include Garcia's claims in the Reply prior to its decision denying the Petition.

Notwithstanding the foregoing, an "[a]mendment shall be freely allowed in order to achieve substantial justice." HRPP Rule 40(e). Thus, the Circuit Court should have determined whether the Reply stated a colorable claim for relief.

(2) HRPP Rule 48 was not violated in Cr. No. 12-1-0541(4) or FC-Cr. No. 12-1-0327(4). Therefore, a violation of HRPP Rule 48 was not waived. A defendant may move to dismiss the charges if trial is not commenced within six months from the arrest or filing of the charge. HRPP Rule 48(b). The six month time period is construed to be 180 days. State v. Hutch, 75 Haw. 307, 330, 861 P.2d 11, 23 (1993).

In Cr. No. 12-1-0541(4), 297 days elapsed between August 24, 2012 and June 17, 2013, the time period when Garcia was indicted and arrested to entry of his no contest plea. Only 89 days elapsed for purposes of HRPP Rule 48, the time between Garcia's arrest and indictment on August 24, 2012 to the trial date of November 5, 2012, and from January 15 to January 30, 2013. Garcia waived the HRPP Rule 48 requirements for the remainder of the time.

In FC-Cr. No. 12-1-0327(4), 320 days elapsed between August 1, 2012 and June 17, 2013, the time period when Garcia was charged by complaint to entry of his no contest plea. Only 124 days elapsed for purposes of HRPP Rule 48 for the time periods of August 1 to October 15, 2012 and December 13, 2012 to January 30, 2013. Garcia waived the HRPP Rule 48 requirements for the remainder of the time.

Citing State v. English, 68 Haw. 46, 705 P.2d 12 (1985), Garcia claims that the time to commence trial began when he was arrested in FC-Cr. No. 12-1-0214(4) because the charges in FC-Cr. No. 12-1-0327(4) relating to the same incident were filed on August 1, 2012, prior to dismissal of the charge in FC-Cr. No. 12-1-0214(4) on August 2, 2012.

4

English is inapplicable to this case because, although Garcia was charged for offenses related to the same incident, he was not charged with the same offense in both cases. Id. at 51-52, 705 P.2d at 16.

The right to a speedy trial under HRPP Rule 48 is separate and distinct from the constitutional protection of a speedy trial. State v. Fukuoka, 141 Hawaiʻi 48, 55, 404 P.3d 314, 321 (2017)(citation omitted). A no contest plea is equivalent to a guilty plea in terms of waiving alleged nonjurisdictional defects. State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990). A guilty plea waives a defendant's constitutional right to a speedy trial. State v. McCoy, 51 Haw. 34, 35, 449 P.2d 127, 128-29 (1968). Therefore, Garcia waived his constitutional right to a speedy trial when he pled no contest.

(4) Garcia's claim his right to a jury trial was violated when the HPA set a minimum term of imprisonment for purposes of parole is without merit. Garcia contends the HPA's setting of a minimum term for parole violates Alleyne because it sets a mandatory minimum sentence based on facts that were not found by the trier of fact. Alleyne is inapplicable because a mandatory minimum sentence was not imposed upon Garcia.

(5) Double jeopardy did not bar Garcia's prosecution in CR. No. 12-1-541(4) and FC-Cr. No. 12-1-0327(4) when the charge in FC-Cr. No. 12-1-0214(4) was dismissed without prejudice. In State v. Rogan, 91 Hawaiʻi 405, 416, 984 P.2d 1231, 1242 (1999) (citation omitted) the court stated:

> Based upon these provisions, we have long recognized "that there are three separate and distinct aspects to the protections offered by the double jeopardy clause. 'Double jeopardy protects individuals against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense.'"

None of the double jeopardy protections apply to Garcia.

The doctrine of res judicata is inapplicable to this case. Res judicata, also known as claim preclusion, "prohibits a

party from relitigating a previously adjudicated cause of action." Bremer v. Weeks, 104 Hawai'i 43, 53, 85 P.3d 150, 160 (2004). "[A] dismissal without prejudice does not operate as an adjudication on the merits wherein the doctrine of res judicata would have no effect." Land v. Highway Const. Co., 64 Haw. 545, 551, 645 P.2d 295, 299 (1982).

Garcia claims enhanced and additional charges were brought against him after he demanded a jury trial and refused to accept a plea deal in FC-Cr. No. 12-1-0214(4). Garcia, quoting United States v. Gastelum-Almeida, 298 F.3d 1167, 1172 (9th Cir. 2002), claims "[a] prosecutor violates due process when he seeks additional charges solely to punish a defendant for exercising a constitutional or statutory right."

"To establish a claim of vindictive prosecution, the defendant must make an initial showing that charges were added because the accused exercised a statutory, procedural, or constitutional right." Gastelum-Almeida, 298 F.3d at 1172. "Vindictiveness claims are, however, evaluated differently when the additional charges are added during pretrial proceedings, particularly when plea negotiations are ongoing, than when they are added during or after trial." Id. (quoting United States v. Gamez-Orduno, 235 F.3d 453, 462 (9th Cir. 2000)). The court in Gastelum-Almeida stated:

> In the context of pretrial negotiations, "vindictiveness will not be presumed simply from the fact that a more severe charge followed on, or even resulted from, the defendant's exercise of a right." Prosecutors often threaten increased charges and, if a guilty plea is not forthcoming, make good on that threat. Such prosecutorial actions as part of plea negotiations do not violate due process.

Id. (internal citations omitted).

In Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978), the Supreme Court of the Untied States held:

> In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of

6

> chargeable offenses, "the conscious exercise of some
> selectivity in enforcement is not in itself a federal
> constitutional violation" so long as "the selection
> was [not] deliberately based upon an unjustifiable
> standard such as race, religion, or other arbitrary
> classification." Oyler v. Boles, 368 U.S. 448, 456, 82
> S.Ct. 501, 506, 7 L.Ed.2d 446.

Therefore, even if enhanced or additional charges were made against Garcia for his refusal to enter a plea deal in FC-Cr. No. 12-1-0214(4), it did not constitute vindictive prosecution or violate his due process rights to initiate the charges in FC-Cr. No. 12-1-0327(4).

(6) On appeal, the extent of Garcia's ineffective assistance of counsel claim against trial and appellate counsel is "[b]oth [counsel] lied to the Appellant. Trial counsel [] also lied to Appellant's Family."

> "General claims of ineffectiveness are insufficient"
> to establish that the assistance a defendant received
> was constitutionally ineffective. Dan [v. State], 76
> Hawai'i [423,] 427, 879 P.2d [528,] 532 [(1994)]
> (quoting Briones v. State, 74 Haw. 442, 462-63, 848
> P.2d 966, 976 (1993)). Rather, a defendant must show:
> (1) "specific errors or omissions of defense counsel
> reflecting counsel's lack of skill, judgment[,] or
> diligence"; and that (2) "those errors or omissions
> resulted in the withdrawal or substantial impairment
> of a potentially meritorious defense."

Maddox v. State, 141 Hawai'i 196, 202, 407 P.3d 152, 158 (2017), reconsideration denied, No. SCWC-14-0001108, 2018 WL 345842 (Haw. Jan. 10, 2018) (citation omitted).

On appeal, Garcia alleges only a general claim of ineffective assistance and does not indicate what lies trial or appellate counsel stated. On appeal, Garcia also does not state what defense was withdrawn or substantially impaired by trial counsel's statements or how these statements affected what appropriate appellate issue was not raised. Id.; Briones v. State, 74 Haw. 442, 465, 848 P.2d 966, 977 (1993). Therefore, the point of error is without merit.

THEREFORE, IT IS HEREBY ORDERED that the Findings of Fact, Conclusions of Law, and Order Dismissing Defendant's Hawaii Rules of Penal Procedure Rule 40 Petition, filed on December 30, 2015, is affirmed. The Order Denying Motion to Reconsider

7

Rulings, filed on February 5, 2016, is vacated and the case is remanded for a determination whether Garcia stated a colorable claim in his Reply. No additional claims or further amendment of the Petition shall be made.

DATED: Honolulu, Hawai'i, January 2, 2019.

On the briefs:

Gregory K. Garcia,
Petitioner-Appellant.

Richard K. Minatoya,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee.

Presiding Judge

Associate Judge

Associate Judge